PEOPLE v LAKIN

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF NOLO CONTENDERE—
   ACCEPTANCE OF PLEA.

   A trial judge properly accepted a plea of nolo contendere and a
   plea of guilty to two separate charges where defendant was
   questioned as fully as possible, the judge conducted a searching
   inquiry into every possible phase of defendant's rights, constitu-
   tional and otherwise, and the judge elicited the necessary
   information to establish the factual basis for the commission of
   the offenses.

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—RELIANCE ON PRELIM-
   INARY EXAMINATION—ACCEPTANCE OF PLEA.

   A trial court cannot rely on the preliminary examination to
   establish the factual basis required before acceptance of a plea
   of nolo contendere.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF NOLO CONTENDERE—
   ACCEPTANCE OF PLEA—SPECIFIC INTENT CRIME—DEFENSES—
   DRUG INTOXICATION—EVIDENTIARY HEARING.

   No statute, court rule or case precedent imposes a responsibility
   on the trial courts to conduct evidentiary hearings and order
   them *sua sponte* in criminal proceedings to inquire into a
   possible defense of "drug intoxication" to a so-called "specific
   intent" crime before accepting a plea of guilty or plea of nolo
   contendere merely because an accused may have been a drug
   addict.

4. CRIMINAL LAW—PLEA OF NOLO CONTENDERE.

   Nolo contendere is a plea of grace and not of right.

5. CRIMINAL LAW—PLEA OF GUILTY—MINIMUM SENTENCE—ACCEPT-
   ANCE OF PLEA.

   A trial court is not required to advise a defendant of the mini-

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 29 Am Jur 2d, Evidence §§ 527, 702.

   Admissibility of plea of guilty at preliminary hearing, 141 ALR
   1335.

   Plea of nolo contendere or non vult contendere, 89 ALR2d 540.

[5] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

mum sentence which will be imposed before accepting his plea of guilty.

Appeals from Wayne, George T. Martin, J. Submitted Division 1, January 8, 1974, at Detroit. (Docket Nos. 17138–17139.) Decided March 29, 1974. Leave to appeal denied, 392 Mich —.

David P. Lakin was convicted, on his pleas of guilty and nolo contendere, of larceny from the person. Defendant appeals on leave granted. Cases consolidated. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. The first and most salient point to be recognized and emphasized in this opinion is that the pleas and their acceptances occurred before the amendments to GCR 1963, 785 adopted March 16, 1973, effective June 1, 1973. Thus we consider this appeal under court rule and case law which is unaffected by the rule change above specified.

Defendant was charged with two separate armed robberies. Pleas to the lesser included offense of larceny from a person were negotiated in both

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cases.[1] As to one, the defendant entered a plea of guilty. As to the other, he proffered a plea of nolo contendere, which was accepted. He is in this Court by grant of leave to appeal as to both pleas. The cases have been consolidated in this Court.

Four claims of error are asserted:

(1) Improper acceptance of a nolo contendere plea;

(2) Error by the trial court in not inquiring into a possible defense of intoxication;

(3) Infirmity in acceptance of the nolo plea by reason of its claimed involuntary nature;

(4) Claimed failure of the trial judge in not informing the defendant of his actual minimum sentence before finally accepting the proferred plea.

On January 10, 1973, the trial judge conducted a searching inquiry into every possible phase of defendant's rights, constitutional and otherwise. He elicited the necessary information to establish the factual basis for the commission of the offense. All in all it covered 11 transcript pages. On January 16, 1973, the same trial judge accepted a negotiated plea of nolo contendere to the lesser included offense of larceny from a person which also arose out of an original armed robbery charge. Both the prosecution and defense counsel made specific reference to the proceedings the week before. Defendant was again questioned as fully as possible, this time for ten transcript pages. There is no basis for disturbing either plea for lack of completeness. The claimed reliance of the trial judge on the facts adduced at the preliminary examination is without merit. The court said nothing about it. Defense counsel in justification of the bargained plea simply made a passing reference to

---

[1] MCLA 750.357; MSA 28.589.

the preliminary examination. There is no of-record support for the claim that the court in part relied on anything remotely connected with the preliminary examination. The same can be said of the so-called stipulation between the prosecutor and defense counsel that the transcript of the examination become a part of the record in the case. It is anyway. There is no way the case could get to the circuit court without either a bindover on examination or a waiver thereof. The proscription is of the trial court's *reliance* on the preliminary examination to establish the factual basis required before acceptance of the plea. There is no suggestion of such reliance in the case at bar.

There was nothing in the plea proceedings that would require the trial court to make any further examination than he did as to "drug intoxication". If the fact that any accused has a greater or lesser degree of drug addiction raises a viable presumption of a defense to a so-called "specific intent" crime, the trial courts of this state had better prepare to conduct evidentiary hearings and order them *sua sponte* in a very measurable number of criminal proceedings. We know of no statute, court rule, or case precedent binding on this panel which imposes such a responsibility. We find specification of error number two without merit.

The third claim of error is not record supported. There is no indication that defendant was not knowingly and voluntarily entering a plea to a bargained reduced charge. Nolo contendere is a plea of grace, not of right, and the trial court acceded to defendant's request to so plead. It is very apparent that defendant knew exactly what he was doing. His reasons are of no moment in this case.

The last assignment of error raised by appellant

is that a plea is infirm unless the trial court actually advises a defendant of the minimum sentence which will be imposed. This Court knows of no authority requiring that a valid plea entails the giving of such advice. The argument of the appellate defender's office that it should be a requirement is better addressed to the Court with rule-making power in this state.

We find no reversible error. Affirmed.

All concurred.